Brian W. Brokate (BB 5830)
Maja Szumarska (MS 0208)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorneys for Plaintiff
Rolex Watch U.S.A., Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> NOAH COOPER a/k/a KEN BARKETT d/b/a TYME SHOP d/b/a MR TYME, <br><br> Defendant. | CASE NO. <br><br><br> **COMPLAINT FOR TRADEMARK COUNTERFEITING AND TRADEMARK INFRINGEMENT** |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex"), through its attorneys, complaining of defendant Noah Cooper d/b/a Tyme Shop d/b/a Mr. Tyme (hereinafter referred to as "Defendant") hereby alleges as follows:

## STATEMENT OF THE CASE

1. This is a suit by Rolex against Defendant for injunctive relief, statutory damages, treble damages and/or profits, compensatory damages, pre-judgment interest, attorneys' fees, investigators' fees and costs for trademark counterfeiting and trademark infringement. Defendant is being sued by Rolex as a result of Defendant's sale, offers for sale, distribution, promotion and advertisement of merchandise bearing counterfeits of Rolex's federally registered trademarks.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

3. Defendant is subject to the Court's jurisdiction because he does business in the Eastern District of New York and has committed the acts complained of herein in this District.

4. Defendant is subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022.

7. Upon information and belief, defendant Noah Cooper a/k/a Ken Barkett is a resident of the State of New York residing at 160 Parkside Avenue, Apartment 5K, Brooklyn, New York 11226.

8. Upon information and belief, Defendant is doing business as Tyme Shop and/or Mr. Tyme and has an established email address at ngcnyc1@gmail.com through which the Defendant sells his products.

## FACTUAL ALLEGATIONS

**A. Rolex's Famous Products and Trademarks**

9. Rolex is a distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks as defined below.

10. Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks.

11. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women (hereinafter referred to as "Rolex Watches").

12. Rolex is responsible for maintaining control over the quality of Rolex products and services in this country.

13. Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches and the Rolex Registered Trademarks are distinctive marks used to identify these high quality products originating with Rolex.

14. Rolex owns numerous trademarks, including, but not limited to, the trademarks and trade names ROLEX, PRESIDENT, CROWN DEVICE (design), DATEJUST, SEA-DWELLER, OYSTER, OYSTER PERPETUAL, GMT-MASTER, YACHT-MASTER, SUBMARINER, ROLEX DAYTONA, DAYTONA, EXPLORER II, TURN-O-GRAPH and GMT-MASTER II.

15. Rolex is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **AIR-KING** | 2,953,542 | 5/17/05 | Watch and watch parts thereof. |
| **CELLINI** | 4,711,326 | 3/31/15 | Watches and parts thereof. |
| ♕ **CROWN DEVICE** | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| **DATEJUST** | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| **DAY-DATE** | 831,652 | 7/4/67 | Wrist watches. |
| **DAYTONA** | 2,331,145 | 3/21/00 | Watches. |
| **DEEPSEA** | 4,378,540 | 8/6/13 | Watches. |
| **EXPLORER** | 2,518,894 | 12/18/01 | Watches. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **EXPLORER II** | 2,445,357 | 4/24/01 | Watches. |
| **GMT-MASTER** | 683,249 | 8/11/59 | Watches. |
| **GMT-MASTER II** | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| **MILGAUSS** | 875,616 | 8/26/69 | Watches [and clocks,] and parts thereof. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| **ROLEX** | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| **SKY-DWELLER** | 4,280,289 | 1/22/13 | Watches and parts thereof. |
| **SEA-DWELLER** | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| **SUBMARINER** | 1,782,604 | 7/20/93 | Watches. |
| **YACHT-MASTER** | 1,749,374 | 1/26/1993 | Watches. |

Correct and true copies of Rolex's federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached hereto as **Exhibit 1**.

16. The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

17. Rolex and its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches and related products.

18. Based on Rolex's extensive advertising, sales and the wide popularity of Rolex products, the Rolex Registered Trademarks are now famous and have been famous since well prior to the activities of the Defendant complained of herein. Rolex Registered Trademarks have acquired secondary meaning so that any product or advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product or affiliate of Rolex.

19. Rolex has gone to great lengths to protect its name and enforce the Rolex Registered Trademarks.

20. The Rolex Registered Trademarks are valid and subsisting and in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

**B. Defendant's Counterfeiting and Infringing Activities**

21. Rolex hereby incorporates all prior allegations by reference.

22. Upon information and belief, long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Defendant began selling, offering for sale, distributing, promoting and advertising in interstate commerce, through the Internet, watches bearing counterfeits and infringements of the Rolex Registered Trademarks as those marks appear on Rolex's products and as shown in the Rolex Registered Trademarks attached hereto as Exhibit 1.

23. On or about April 10, 2019, Rolex's representative discovered that Defendant was promoting, distributing, offering for sale and selling watches bearing counterfeits and infringements of the Rolex Registered Trademarks through the website, [www.craigslist.org](www.craigslist.org) ("Craigslist"). Defendant listed the infringing watches for sale at prices ranging from $350.00 to $500.00, far below the retail prices of authentic Rolex watches. True and correct copies of sample listings posted on Craigslist by Defendant are attached hereto as **Exhibit 2**.

24. In his listings on Craigslist, Defendant directed his customers to his social media account on [www.instagram.com](www.instagram.com) ("Instagram"). On Instagram, Defendant was promoting, distributing, offering for sale and selling watches bearing counterfeits and infringements of the Rolex Registered Trademarks using the handles "mrtyme2018" and "classy.tyme". True and correct copies of sample listings posted by Defendant on Instagram are attached hereto as **Exhibit 3**.

25. Defendant was also promoting, distributing, offering for sale and selling watches bearing counterfeits and infringements of the Rolex Registered Trademarks through the website www.offerup.com ("OfferUp"). A true and correct copy of Defendant's listing from OfferUp is attached hereto as **Exhibit 4**.

26. On or about April 24, 2019, Rolex's investigator messaged the Defendant through Instagram in order to purchase watches from Defendant. During their conversation, Defendant identified himself as "Noah". Defendant bragged to Rolex's investigator that he has been "doing this for 3 years" and has "thousands" of watches in stock at a time. Defendant told Rolex's investigator that he offers watches for sale in bulk. Defendant provided Rolex's investigator with a price list, which included at least 11 different brands of luxury watches ranging in price from $300 to $1,200. A true and correct copy of the price list provided by Defendant to Rolex's investigator is attached hereto as **Exhibit 5**.

27. Rolex's investigator purchased the following watches: "38mm green face Submariner," "38mm silver Datejust," and "38mm teal face Milgauss" (collectively, the "Counterfeit Watches") from Defendant, for which Rolex's investigator paid $1,040.00 in total.

28. Defendant instructed Rolex's investigator to use the payment processor www.paypal.com ("PayPal") to make payment for the Counterfeit Watches and provided Rolex's investigator the email address ngcnyc1@gmail.com to use for making payment.

29. On or about April 27, 2019, Rolex's investigator received a package containing the Counterfeit Watches. The return address on the shipping label stated, "Ken Barkett, 32 Starr St., Apt 2R, Brooklyn, NY, 11221". Upon information and belief, Defendant used this fictitious name and address to hide his identity.

30. Rolex's representative has examined the Counterfeit Watches and determined that none of the parts, including the dials, bracelet links, bezels and movements are of Rolex origin. The Counterfeit Watches contain numerous counterfeits and infringements of the Rolex Registered Trademarks. Images of the Counterfeit Watches are attached hereto as **Exhibit 6**.

31. Defendant is well aware of Rolex's Registered Trademarks. On or about May 8, 2019, Rolex's counsel sent Defendant a letter by email to [ngcnyc1@gmail.com](mailto:ngcnyc1@gmail.com) and overnight mail demanding that Defendant immediately cease the sale of counterfeit Rolex watches.

32. On or about May 24, 2019, Rolex's counsel sent another letter to Defendant by email to [ngcnyc1@gmail.com](mailto:ngcnyc1@gmail.com) and overnight mail demanding that Defendant immediately cease the sale of counterfeit Rolex watches.

33. To date, Defendant has not responded to the May 8, 2019 and May 24, 2019 letters and has continued to offer counterfeit watches for sale.

34. Defendant has willfully infringed upon at least 18 of the Rolex Registered Trademarks and caused Rolex irreparable harm.

## C. Summary of Defendant's Illegal Activities

35. Defendant intentionally, maliciously and willfully sold, offered for sale, distributed, promoted and advertised watches bearing counterfeits of one or more of the Rolex Registered Trademarks, despite knowledge that such sales were illegal.

36. Defendant's acts were and/or are calculated to confuse and to deceive the public and were and/or are performed with full knowledge of Rolex's rights.

37. Defendant is not now, nor has he ever been, associated, affiliated, connected with, endorsed or sanctioned by Rolex.

38.     Rolex has never authorized or consented in any way to the use by Defendant of the Rolex Registered Trademarks or marks confusingly similar thereto.

39.     Defendant's pervasive use of the Rolex Registered Trademarks or marks substantially indistinguishable and/or confusingly similar thereto in connection with Defendant's products is likely to cause consumers, the public and the trade to erroneously believe that the products provided by Defendant emanate or originate from Rolex, and/or that said products are authorized, sponsored, or approved by Rolex, even though they are not.  This confusion causes irreparable harm to Rolex and weakens and dilutes the distinctive quality of the Rolex Registered Trademarks.

40.     By using counterfeits of the Rolex Registered Trademarks on his goods, Defendant traded on the goodwill and reputation of Rolex and created the false impression that Defendant's goods are affiliated with Rolex.

41.     Defendant has been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for his own financial gain.  Furthermore, Defendant has unfairly benefited and profited from Rolex's outstanding reputation for high quality products and its significant advertising and promotion of Rolex watches and the Rolex Registered Trademarks.

42.     Defendant has disparaged Rolex, its Rolex Registered Trademarks and its products by creating a false association with Rolex, its genuine goods and its Rolex Registered Trademarks.

43.     Rolex has no control over the nature and quality of the products sold by Defendant, which bear counterfeits and infringements of the Rolex Registered Trademarks.

44.     Among other things, Defendant's promotion, advertisement and provision of his goods has and will reflect adversely on Rolex as the believed source of origin thereof; hamper

continuing efforts by Rolex to protect its outstanding reputation for high quality, originality and distinctive goods; and tarnish the goodwill and demand for genuine Rolex watches and products.

45. Upon information and belief, Defendant acted with reckless disregard for Rolex's rights and/or was willfully blind in connection with unlawful activities. Upon information and belief, Defendant willfully and maliciously engaged in infringing activities. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

46. Rolex has suffered irreparable harm and damages as a result of Defendant's conduct. The injuries and damages sustained by Rolex have been directly and proximately caused by Defendant's wrongful advertisement, promotion, distribution, sale and offers of sale of his goods bearing counterfeits and/or infringements of the Rolex Registered Trademarks.

47. The advertisements placed and published by Defendant on the Internet have infringed upon the Rolex Registered Trademarks and caused Rolex severe injury.

48. Rolex has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

49. Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

50. Defendant has used spurious designations that are identical with, or substantially indistinguishable from, the Rolex Registered Trademarks on goods covered by registrations for the Rolex Registered Trademarks.

51. Defendant has intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

52. Defendant's use of the Rolex Registered Trademarks to advertise, promote, offer for sale, distribute and sell watches bearing counterfeits was and/or is without the consent of Rolex.

53. Defendant's unauthorized use of the Rolex Registered Trademarks on and in connection with his advertisement, promotion, sale, offering for sale and distribution of watches through the Internet constitutes Defendant's use of the Rolex Registered Trademarks in commerce.

54. Defendant's unauthorized use of the Rolex Registered Trademarks as set forth above is likely to:

(a) cause confusion, mistake and deception;

(b) cause the public to believe that his watches are the same as Rolex's watches and/or that they are authorized, sponsored or approved by Rolex or that he is affiliated, connected or associated with or in some way related to Rolex; and

(c) result in Defendant unfairly benefiting from Rolex's advertising and promotion and profiting from the reputation of Rolex and its Rolex Registered Trademarks all to the substantial and irreparable injury of the public, Rolex and the Rolex Registered Trademarks and the substantial goodwill represented thereby.

55. Defendant's acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56. By reason of the foregoing, Defendant is liable to Rolex for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Rolex's election, an amount representing three (3) times

Rolex's damages and/or Defendant' illicit profits; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement (15 U.S.C. § 1114)**

57. Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

58. Based on Rolex's extensive advertising under the Rolex Registered Trademarks, its extensive sales and the wide popularity of Rolex watches, the Rolex Registered Trademarks have acquired a secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product and affiliate of Rolex.

59. Defendant's activities constitute Defendant's use in commerce of the Rolex Registered Trademarks. Defendant used the Rolex Registered Trademarks in connection with Defendant's sale, offers of sale, distribution, promotion and advertisement of his goods bearing infringements and/or counterfeits of the Rolex Registered Trademarks.

60. Defendant has used the Rolex Registered Trademarks, knowing they are the exclusive property of Rolex, in connection with the sale, offers for sale, distribution, promotion and advertisement of his goods bearing counterfeits or infringements of the Rolex Registered Trademarks when Defendant is not so authorized.

61. Defendant engages in the aforementioned activity with the intent to confuse and deceive the public into believing that they and the watches they sell are in some way sponsored, affiliated or associated with Rolex, when in fact they are not.

62. Defendant's use of the Rolex Registered Trademarks has been without the consent of Rolex, is likely to cause confusion and mistake in the minds of the public and, in

particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed and sold by Defendant are warranted, authorized, sponsored or approved by Rolex when, in fact, they are not.

63. Defendant's unauthorized use of the Rolex Registered Trademarks has resulted in Defendant unfairly benefiting from Rolex's advertising and promotion, and profiting from the reputation of Rolex and the Rolex Registered Trademarks, to the substantial and irreparably injury of the public, Rolex and the Rolex Registered Trademarks and the substantial goodwill represented thereby.

64. Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

65. By reason of the of the foregoing, Defendant is liable to Rolex for: (a) an amount representing three (3) times Rolex's damage and/or his illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

**WHEREFORE**, Rolex respectfully requests that the Court order the following relief:

I. That the Court enter an injunction ordering that Defendant, his agents, servants, employees, and all other persons in privity or acting in concert with him be enjoined and restrained from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent his unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d) further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(f) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant is in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g) engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(h) using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i) hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any website or other enterprise that offers for sale any products bearing the Rolex Registered Trademarks;

(j) acquiring, registering, maintaining or controlling any domain names that include the ROLEX trademark or any of the other Rolex

Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Rolex;

(k)     using any e-mail addresses to offer for sale any nongenuine products bearing counterfeits of the Rolex Registered Trademarks;

(l)     having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks;

(m)     secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Rolex Registered Trademarks; and

(n)     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

II.     That Defendant, within ten (10) days of judgment, take all steps necessary to remove from Instagram, Craigslist, Offerup or any other website containing content posted by Defendant, whether or not owned or operated by Defendant, all text offering for sale counterfeit or infringing Rolex products and all Rolex Registered Trademarks or copies or colorable imitations thereof used to identify non-genuine Rolex products.

III.     That Defendant, within thirty (30) days of judgment, file and serve Rolex with a sworn statement setting forth in detail the manner and form in which he has complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.     That Defendant be required to deliver up for destruction to Rolex all unauthorized materials bearing any of the Rolex Registered Trademarks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

V. That Defendant be required to deliver up for destruction to Rolex any goods that were being advertised, promoted, or offered for sale as well as any and all catalogs, circulars and other printed materials in his possession or under his control displaying or promoting the infringing goods that were advertised, promoted or offered for sale.

VI. That Defendant not operate any websites that offer for sale and/or sell any merchandise bearing counterfeits of the Rolex Registered Trademarks.

VII. Requiring Defendant to pay to Rolex such damages Rolex has sustained as a consequence of his counterfeiting and infringement of the Rolex Registered Trademarks and to account for all gains, profits and advantages derived by Defendant from the sale of his infringing merchandise bearing the Rolex Registered Trademarks, and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Rolex be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendant has willfully counterfeited and infringed.

VIII. Ordering that Rolex recover the costs of this action, together with reasonable attorneys' and investigators' fees and pre-judgment interest in accordance with 15 U.S.C. § 1117.

IX. Directing that this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

X. Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendant be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rolex.

XI. Awarding to Rolex such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Rolex has incurred in connection with this action.

**GIBNEY, ANTHONY & FLAHERTY, LLP**

Dated: June 25, 2019         By: /s/ Maja Szumarska
                              Brian W. Brokate, Esq. (BB 5830)
                              Maja Szumarska (MS 0208)
                              665 Fifth Avenue
                              New York, NY 10022
                              Telephone: (212) 688-5151
                              Facsimile: (212) 688-8315

                              Attorneys for Plaintiff Rolex Watch U.S.A., Inc.